# Arnett *v.* Handley, *et al.*

### *Vendor's Lien.*

(Decided December 18, 1913.   64 South. 66.)

1. *Vendor and Purchaser; Bona Fide Purchaser; Note.*—Where the husband of respondent purchased land for value and without notice that the grantor was still indebted for the purchase money, and had the deed made out in respondent's name, respondent took the land free from any lien which the vendor of her husband's grantor might have had.

2. *Same; Lien; Enforcement.*—Where land is sold and notes taken in payment, and the purchaser sells to a third person, the vendor has the burden of showing that the grantee of the purchaser, who took for value, either had actual notice of the lien or of some facts sufficient to put him upon inquiry in order to enforce his lien against the land.

APPEAL from Clay Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. P. Arnett against Laura P. Handley and others, to enforce a vendor's lien. From a decree for respondents, complainant appeals. Affirmed.

WHATLEY & CORNELIUS, for appellant. The respondent cannot be a bona fide purchaser for value without notice because she did not pay value for the lands.— *Craft v. Russell,* 67 Ala. 9. Her husband cannot claim to be such because he did not acquire the legal title to the land.—*Thames v. Rembert,* 63 Ala. 560; *L. & N. v. Boykin,* 76 Ala. 560; *Craft v. Russell, supra.* The party who has the prior equity in point of time is entitled to a like priority in point of right.—*Fash v. Ravesies,* 32 Ala. 451; 11 A. & E. Enc. of Law, 188 et seq.; 16 Cyc. 139, and authorities supra. The doctrine of protection of bona fide purchaser has never been extended to a volunteer.—63 Ala. 57; *Beale v. McGhee,* 57 Ala. 438; 5 S. & P. 215; *Stone v. Hale,* 17 Ala. 557.

W. B. HARRISON, and WALTER S. SMITH, for appel-
lee. The burden was on complainant to show actual or
constructive notice of the equity or lien.—*Hodges v.
Winston,* 94 Ala. 578; *Snellgrove v. Evans,* 165 Ala.
324; *First Nat. Bank v. Sproull,* 105 Ala. 280; *Winn v.
Rossette,* 66 Ala. 520. Under the facts Mrs. Handley
was a bona fide purchaser for value.—*Alston v. Mar-
shall,* 112 Ala. 638; 6 Mayf. 87; 20 A. & E. Ann. cases,
1124.

SAYRE, J.—Arnett filed this bill against Laura A.
Handley to enforce a vendor's lien on certain lands in
Clay county known as the "Lake Place." One Harlan
was made a party defendant also, with a prayer for a
personal judgment over against him in the event a sale
of the land should not satisfy complainant's demand,
and he permitted a decree pro confesso to be taken
against himself. Complainant had sold and conveyed
the place to one Carpenter, taking notes for a part of
the purchase money. Carpenter later sold and convey-
ed the place to Harlan, taking notes for a part of the
purchase money, and had then transferred and assign-
ed these notes to complainant in discharge of his debt.
Harlan then sold and conveyed the place to the defend-
ant Laura A. Handley for a cash consideration pres-
ently paid.

We have stated Mrs. Handley's connection with the
transaction substantially as it is made to appear in
complainant's bill. In exact fact, the transaction, dif-
fering in form, though not in legal effect, from com-
plainant's statement of it, was this: Defendant's hus-
band, J. T. Handley, acquired the land upon which a
lien is sought in exchange for a tract of land he owned,
deeds back and forth being executed contemporaneous-
ly, the deed from Harlan being made to defendant on

[Arnett v. Handley, et al.]

her husband's request without any valuable considera-
tion moving from her.   It is agreed between the par-
ties that Mrs. Handley had no knowledge or notice of
complainant's alleged lien.   She defended on the ground
that her husband was a bona fide purchaser for value,
and this defense prevailed in the chancery court.

Without going into a statement of the familiar law of
such a situation, though it has been rather extensively
argued in the briefs of counsel, we think it may be safe-
ly said that the decree below proceeded upon correct
principle if in fact J. T. Handley was not chargeable
with knowledge or notice of complainant's claim at the
time of the deed to defendant.

That Handley gave full value for the land he bought
we think there can be no doubt.   Complainant, desiring
to avoid the effect of the case thus presented, assumed
the burden of proving that, before the   exchange   of
lands, Handley had actual notice of the equity or lien
now asserted by complainant, or of some fact or circum-
stance sufficient to put a man of ordinary prudence on
inquiry, which, if followed up, would have discovered
the incumbrance alleged.—*Hodges v. Winston,* 94 Ala.
578, 10 South. 535.   Thus the case presents a pure ques-
tion of fact.   Complainant does not pretend to any
knowledge in respect to this fact.   He only knows that
he has not been paid a part of the promised purchase
money for which he parted with his land.   The other
witnesses are in flat conflict.   We suppose that no ju-
dicial mind, accustomed to the consideration of the un-
certainties and infirmities of human testimony, could
determine a case like that here presented in agreement
with the contention of either party without a fear that
a contrary conclusion might possibly express the truth.
On due consideration, however, we are inclined to think
defendant has shown the stronger hand on the single

issue which must determine the result. At least, we are satisfied that complainant has not sustained the burden of proof put upon him by the law in the circumstances stated.

It would be of no possible service to state the various reflections which arise out of the case and tend to support or impeach the witnesses on either side. It must suffice to state our conclusion that a proper decree was rendered in the court below.

Affirmed.

ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur.